UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD P. BOLAND and MARY A. BOLAND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GERDAU S.A., et al., <br><br> Defendants. | Civil Action No. 1:16-cv-03925-LLS <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF LAW IN SUPPORT OF POLICEMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |

Class member and proposed lead plaintiff Policemen's Annuity and Benefit Fund of Chicago ("Chicago Police") respectfully submits this memorandum of law in support of its motion for an order appointing Chicago Police lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*, and approving its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the proposed class.

## I.      INTRODUCTION

Presently pending in this District is a securities class action (the "Action") brought on behalf of public investors who purchased or otherwise acquired Gerdau S.A. ("Gerdau" or the "Company") American depository receipts ("ADRs") between June 2, 2011 and May 15, 2016, inclusive (the "Class Period"), against the Company and four of its senior executive officers for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act").

The PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Chicago Police is the "most adequate plaintiff" to represent the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Chicago Police is an experienced and sophisticated institutional investor with ample resources and the capability to oversee complex litigation. In addition to timely filing its motion, Chicago Police has a significant financial interest – an interest believed to be greater than that of any competing movant. And, Chicago Police meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), because its claims are typical of those of absent class members and Chicago Police will fairly and adequately represent the interests of the proposed class. Chicago Police has also selected Robbins Geller to serve as lead counsel for the putative class in the event its motion is granted. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Chicago Police's chosen counsel has extensive experience in the prosecution of

complex securities class actions and the Court may be assured that by granting this motion and approving Chicago Police's choice of counsel, the class will receive the highest caliber of legal representation. *See, e.g.*, §III.B, *infra*.

Accordingly, Chicago Police should be appointed Lead Plaintiff and its selection of counsel should be approved.

## II.     SUMMARY OF THE ACTION[1]

Gerdau produces and commercializes steel products worldwide. The Company operates through Brazil Business Operation, North America Business Operation, South America Business Operation and Special Steel Business Operation segments. The largest producer of long steel in the Americas, Gerdau sells its products through independent distributors, direct sales from its mills and its retail network. The Company is based in Porto Alegre, Brazil, and is a subsidiary of Metalúrgica Gerdau S.A. Gerdau's ADRs trade on the New York Stock Exchange under the ticker symbol "GOB."

The complaint alleges that, throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company was engaged in a bribery scheme in collusion with Brazil's Board of Tax Appeals ("CARF"); (ii) Gerdau had defrauded Brazilian tax authorities of roughly $429 million in taxes; (iii) Gerdau's Chief Executive Officer ("CEO"), defendant André Bier Gerdau Johannpeter ("Johannpeter") and other directors and employees of the Company had engaged in bribery, money

---

[1]     Factual summary taken from the complaint filed in *Boland v. Gerdau S.A., et al.*, No. 1:16-cv-03925, Dkt. No. 1 (S.D.N.Y.) (filed May 26, 2016).

- 2 -

laundering, and influence peddling; and (iv) as a result of the foregoing, defendants' statements about Gerdau's business, operations and prospects were false and misleading.

On or about March 26, 2015, Brazilian authorities announced that a Federal Police investigation, dubbed "Operation Zelotes," had uncovered a multibillion-dollar tax fraud scheme at the Ministry of Finance, reporting that as many as 70 companies had bribed members of the CARF, a body within the Ministry of Finance that hears appeals on tax disputes, to obtain favorable rulings that recused or waived the amounts that the companies owed. On or around March 29, 2015, it was reported that Gerdau was among the companies under investigation. Then, on December 4, 2015, the Brazilian publication *Jornal do Comércio* reported that a report by a committee of the National Congress of Brazil had named Gerdau, among other companies, as a beneficiary of a tax evasion scheme.

On this news, Gerdau's ADR price fell 6.96%, to close at $1.47 on December 4, 2015.

Then, on February 25, 2016, after the market closed, Brazilian police raided Gerdau offices in connection with "Operation Zelotes," as police carried out some 20 court orders for testimony and 18 search warrants in Recife, Porto Alegre, Rio de Janeiro, Sao Pãulo, and Brasília. Defendant Johannpeter, Gerdau's CEO, was among the individuals ordered to testify by day's end. In an e-mailed statement, Gerdau stated that the Company had never authorized the use of its name in illegal negotiations and that the Company abided by rigorous ethical standards.

On this news, Gerdau's ADR price fell over 3%, to close at $0.92 on February 25, 2016.

Shortly thereafter, on February 29, 2016, Gerdau announced that it would delay the release of its fourth-quarter financial results as the Company "analyze[d] the case records involving Gerdau in the recent phase of [the] Zelotes Operation."

On May 16, 2016, various news outlets reported that Brazil's federal police had accused Gerdau of evading $429 million in taxes and indicted a total of 19 Gerdau personnel, including defendant Johannpeter and some of the Company's executives, directors and lawyers, on corruption-related charges including bribery, money laundering and influence peddling.

On this news, Gerdau's ADR price fell over 7%, to close at $1.72 on May 16, 2016.

### III.   ARGUMENT

#### A.   Chicago Police Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Chicago Police meets each of these requirements and should therefore be appointed Lead Plaintiff.

#### 1.   Chicago Police's Motion Is Timely

On May 26, 2016, notice of the complaint was published on *Globe Newswire* and advised class members of the pendency of action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff 60 days from May 26, 2016, or by July 25, 2016. *See* Declaration of David A. Rosenfeld in Support of Policemen's Annuity and Benefit Fund of

Chicago's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Rosenfeld Decl."), Ex. A.  Thus, Chicago Police filed within the applicable deadline and its motion should be considered for lead plaintiff appointment.

### 2. Chicago Police Possesses the Largest Financial Interest

During the Class Period, Chicago Police purchased 681,278 shares of Gerdau ADRs, at prices artificially inflated by defendants' alleged misconduct and suffered harm in excess of $1.4 million.  Rosenfeld Decl., Exs. B, C.  To the best of its counsel's knowledge, no other movant claims a larger financial interest than Chicago Police.  Therefore, Chicago Police satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the class.

### 3. Chicago Police Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure". 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'"  *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted).  "Typicality 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3).  "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . .'"  *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, Chicago Police's claims are typical because, like all members of the putative class, it purchased Gerdau ADRs during the Class Period at prices artificially inflated by defendants' materially false and misleading statements and suffered damages when the truth was revealed. Chicago Police's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments in order to prove defendants' liability. Thus, Chicago Police satisfies the typicality requirements of Rule 23(a)(3).

Chicago Police is also an adequate representative for the proposed class. Its substantial financial interest in the outcome of the Action demonstrates that its interests are aligned with those of the class. Moreover, as an institutional investor, Chicago Police will leverage its resources and experience to ensure vigorous and competent advocacy for the benefit of all putative class members. And, Chicago Police has selected highly experienced counsel committed to zealously and efficiently prosecuting this Action to a successful conclusion. Thus, Chicago Police satisfies the adequacy requirements of Rule 23(a)(4).

Because Chicago Police is deemed to be the presumptive "most adequate plaintiff" under the PSLRA, and no competing movant can rebut that presumption, it should be appointed Lead Plaintiff.

### B. Chicago Police's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, Chicago Police has selected Robbins Geller to serve as lead counsel for the proposed class. *See* Rosenfeld Decl., Ex. D.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 lawyers in offices

nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.  District courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g.*, *Sgalambo*, 258 F.R.D. at 175, 177 (appointing Robbins Geller lead counsel and noting its "substantial securities class action experience"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); Rosenfeld Decl., Ex. D.

Thus, the Court can be assured that by approving Chicago Police's choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

## IV.     CONCLUSION

Chicago Police has timely filed its motion seeking appointment as lead plaintiff, possesses the largest financial interest in this litigation of any qualified plaintiff, and will fairly and adequately represent the interests of the putative class.  Chicago Police and its retained counsel also possess the resources and experience necessary to adequately represent the interests of the class in this Action.  For these reasons, the Court should appoint Chicago Police as Lead Plaintiff and approve its selection of Robbins Geller as Lead Counsel for the class.

DATED:  July 25, 2016                         Respectfully submitted,

                                                          ROBBINS GELLER RUDMAN
                                                              & DOWD LLP
                                                           SAMUEL H. RUDMAN
                                                           DAVID A. ROSENFELD

                                                                        s/ David A. Rosenfeld
                                                                        DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN O. O'MARA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bomara@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 25, 2016.

                                                s/ David A. Rosenfeld
                                                DAVID A. ROSENFELD

                                                ROBBINS GELLER RUDMAN
                                                           & DOWD LLP
                                                58 South Service Road, Suite 200
                                                Melville, NY  11747
                                                Telephone:  631/367-7100
                                                631/367-1173 (fax)

                                                E-mail:drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:16-cv-03925-LLS Boland et al v. Gerdau S.A. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam M. Apton**
  aapton@zlk.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com

- **Jay B. Kasner**
  jkasner@skadden.com

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)