**ORIGINAL**

Stanton, J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/10/17_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

DONALD P. BOLAND and MARY A.
BOLAND, Individually and on Behalf of All
Others Similarly Situated,

                       Plaintiffs,

    vs.

GERDAU S.A., et al.,

                       Defendants.

———————————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 1:16-cv-03925-LLS

CLASS ACTION

[~~PROPOSED~~] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE

1285230_1

WHEREAS, on July 5, 2017, the parties to the above-entitled action (the "Litigation"), Lead Plaintiff Policemen's Annuity and Benefit Fund of Chicago and defendants Gerdau S.A. ("Gerdau"), André Bier Gerdau Johannpeter, Claudio Johannpeter, Osvaldo Burgos Schirmer, Harley Lorentz Scardoelli, Renato Gasparetto Jr., André Pires de Oliveira Dias, Jorge Gerdau Johannpeter and Expedito Luz (the "Defendants," collectively with Lead Plaintiff, the "Parties") entered into the Stipulation of Settlement (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the Exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the complaint on the merits and with prejudice;

WHEREAS, the Court having read and considered the Stipulation and the accompanying documents;

WHEREAS, the Parties to the Stipulation having consented to the entry of this Order;

WHEREAS, unless otherwise specified all capitalized terms used, but not otherwise defined, herein having the meanings defined in the Stipulation;[1]

NOW THEREFORE, IT IS HEREBY ORDERED, this 10th day of July , 2017, that:

1.       The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein as being fair, reasonable and adequate to Class Members (defined in ¶2 below), subject to further consideration at the Settlement Fairness Hearing described in ¶5 below.

2.       Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court preliminarily certifies for purposes of settlement only a

---

[1]       The Exhibits attached to the Stipulation filed with the Court are incorporated herein as though set forth in this Order.

- 1 -

Class defined as all Persons who purchased or otherwise acquired Gerdau American Depositary Receipts ("ADRs") between April 23, 2012, and May 16, 2016, inclusive. Excluded from the Class are: Defendants, the officers and directors of Gerdau during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Class Members who exclude themselves by submitting a timely and valid request for exclusion in accordance with the requirements set forth in the Notice (defined in ¶7 below).

3.     The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is certified as the class representative.

5.     A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on October 20, 2017, at 12:00 p.m. ET for the following purposes:

- 2 -

(a)     to finally determine whether this Litigation satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

(b)     to determine whether the proposed Settlement is fair, reasonable and adequate to Class Members, and should be approved by the Court;

(c)     to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the complaint filed herein on the merits and with prejudice, and to determine whether the release by the Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Persons;

(d)     to determine whether the release by the Released Persons of the Released Defendants' Claims, as set forth in the Stipulation, should be provided;

(e)     to determine whether the proposed Plan of Allocation of the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(f)     to consider Lead Plaintiff's Counsel's application for an award of attorneys' fees and expenses, including Lead Plaintiff's expenses; and

(g)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement, including, if appropriate, with any such modifications as may be agreed to by the Parties without further notice to the Class. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7.     The Court approves the form, substance and requirements of: the Notice of Proposed Settlement of Class Action (the "Notice"); the Proof of Claim and Release form (the "Proof of

- 3 -

Claim"); and the Summary Notice (the "Summary Notice"), annexed to the Stipulation as Exhibits A-1, A-2 and A-3, respectively, and finds that the form, content, and mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶9 and 12 of this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

8.    The Court approves the appointment of Gilardi & Co. LLC as the Claims Administrator.

9.    Within twenty-one (21) calendar days of the entry of this Order (the "Notice Date"), the Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed to the Stipulation as Exhibits A-1 and A-2, to be mailed by first-class mail, postage prepaid, to all Class Members who can be identified with reasonable effort.  The Court is informed that Gerdau provided or caused Gerdau's transfer agent to provide to Lead Counsel the last known names and addresses of all documented shareholders of record during the Class Period.  The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased Gerdau ADRs during the Class Period as record owners but not as beneficial owners.  Such nominee purchasers are directed, within seven (7) business days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims

- 4 -

1285230_1

Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners. Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

10.     The Escrow Agent or its agents are authorized and directed to prepare any tax returns required to be filed on behalf of or in respect of the Settlement Fund, to cause any Taxes due and owing to be paid from the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

11.     Lead Counsel shall submit its papers in support of final approval of the Settlement and application for attorneys' fees and expenses, by no later than twenty-eight (28) calendar days prior to the Settlement Fairness Hearing. All reply papers in support of such motions shall be filed and served by no later than seven (7) calendar days of the Settlement Fairness Hearing.

12.     The Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over the *Business Wire* within seven (7) calendar days of the Notice Date. Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Fairness Hearing, file with the Court proof of the publication of the Summary Notice.

13.     In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

- 5 -

(a)     A properly executed Proof of Claim, substantially in the form attached to the Stipulation as Exhibit A-2, must be submitted to the Claims Administrator, online at www.bolandvgerdausa.com no later than November 28, 2017, or at the Post Office Box indicated in the Notice, postmarked no later than November 28, 2017. Such deadline may be further extended by Court order. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Lead Counsel may direct the Claims Administrator to accept late claims if they will not materially delay distribution of the Net Settlement Fund, but will not incur any liability for declining to do so.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip or such other documentation as is deemed adequate by the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of this Court solely with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as against the Released Persons provided in the Stipulation.

- 6 -

14.     Any Member of the Class who does not submit a Proof of Claim form in the manner stated in this Order shall be deemed to have waived his, her or its right to share in the Net Settlement Fund and shall forever be barred from sharing in the Net Settlement Fund.  In all other respects, however, any such Member of the Class shall be subject to and bound by all of the terms of the Settlement, including the terms of the Stipulation and the Judgment unless such Member of the Class has submitted a request to be excluded from the Class in the manner required by this Order.

15.     Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A putative Class Member wishing to make such request shall mail the request to the Claims Administrator by first-class mail postmarked no later than September 29, 2017, to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class and must be signed by such person.  Such persons requesting exclusion are also directed to state: the date(s), price(s) and number(s) of Gerdau ADRs they purchased, acquired and sold during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Putative Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

16.     All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the release provided for therein, whether favorable or unfavorable to the Class.

- 7 -

17.    Objections to the Settlement, the Plan of Allocation, the application by Lead Plaintiff's Counsel for an award of attorneys' fees and expenses, and any supporting papers shall be filed with the Court on or before _September 29_, 2017, and also delivered by hand or first-class mail to Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; Jay B. Kasner, Andrew R. Beatty, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036; and Michael J. Dell, Karen S. Kennedy, Juliana Oliveira Maggio, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036, by that same date. Any such objection must: (a) clearly indicate the objector's name, mailing address, daytime telephone number and e-mail address; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or fee and litigation expense application in *Boland v. Gerdau S.A., et al.*, No. 1:16-cv-03925-LLS; (c) specify the reason(s), if any, for the objection, including any legal support for such objection; (d) state the number of Gerdau ADRs owned as of the beginning of trading on April 23, 2012 (the first day of the Class Period); (e) list the date(s), price(s) and number(s) of Gerdau ADRs purchased, acquired and sold during the Class Period; and (f) provide written documentation (whether from the objector's bank, broker or otherwise) of such trading. In order to be considered, an objection also must be signed by the Class Member making the objection. Attendance at the Settlement Fairness Hearing is not necessary. However, any persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation and/or the request by Lead Plaintiff's Counsel for attorneys' fees and expenses, are required to indicate in their written objection their intention to appear at the Settlement Fairness Hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Fairness

- 8 -

Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18.     Any Class Member who does not object to the Settlement and/or the Plan of Allocation, and any Class Member who does not object to Lead Plaintiff's Counsel's application for an award of attorneys' fees and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, shall be deemed a Class Member and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, this Order and the Final Judgment to be entered approving the Settlement, the Plan of Allocation and/or the application by Lead Plaintiff's Counsel for an award of attorneys' fees and expenses.

19.     Pending final determination of whether the Settlement should be approved, the Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Released Claims against any Released Person.

20.     Any Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of his/her/its own choice. If he/she/it does not enter an appearance, he/she/it will be represented by Lead Counsel.

21.     All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

- 9 -

22.    The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Class Member or Lead Plaintiff's Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23.    All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to this Order, the Plan of Allocation and/or further orders of the Court.

24.    As provided in the Stipulation, prior to the Effective Date, the Escrow Agent may pay the Claims Administrator up to $500,000 out of the Settlement Fund the reasonable fees and costs associated with giving notice to the Class, the review of claims and the administration of the Settlement without further order of the Court. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Plaintiff's Counsel shall have any obligation to repay to Defendants the reasonable and actual costs of class notice and administrations.

25.    If (a) the Settlement is terminated by Defendants pursuant to ¶8.3 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or Defendants elect to terminate the Settlement as provided in the Stipulation, then, in any such event, the terms of ¶¶8.5 and 8.6 of the Stipulation shall apply, and this Order certifying the Class and the class representatives for purposes of the Settlement shall be null and void, of no further force or effect, without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position in this Litigation as it existed prior to May 15, 2017.

- 10 -

26.     The Court retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

DATED: ___July 10, 2017___        ___Louis L. Stanton___
                                  HONORABLE LOUIS L. STANTON
                                  UNITED STATES DISTRICT JUDGE

- 11 -

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

DONALD P. BOLAND and MARY A.
BOLAND, Individually and on Behalf of All
Others Similarly Situated,

                    Plaintiffs,

      vs.

GERDAU S.A., et al.,

                    Defendants.

——————————————————— x

: Civil Action No. 1:16-cv-03925-LLS

: CLASS ACTION

: NOTICE OF PROPOSED SETTLEMENT OF
: CLASS ACTION

: EXHIBIT A-1

1267035_2

TO:   **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED AMERICAN DEPOSITARY RECEIPTS ("ADRs") OF GERDAU S.A. ("GERDAU" OR THE "COMPANY") DURING THE PERIOD FROM APRIL 23, 2012 THROUGH AND INCLUDING MAY 16, 2016**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED (IF MAILED) OR RECEIVED (IF SUBMITTED ONLINE) ON OR BEFORE** NOVEMBER 28, 2017

This Notice of Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Lead Plaintiff Policemen's Annuity and Benefit Fund of Chicago and Defendants Gerdau, Jorge Gerdau Johannpeter, André Bier Gerdau Johannpeter, Claudio Johannpeter, Osvaldo Burgos Schirmer, Expedito Luz, André Pires de Oliveira Dias, Harley Lorentz Scardoelli and Renato Gasparetto Jr. ("Defendants"); (ii) the proposed $15 million settlement reached therein (the "Settlement"); and (iii) the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, Lead Counsel's application for fees, costs, and expenses (which may include Lead Plaintiff's reimbursement for its time and expenses representing the Class). This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked (if mailed) or received (if submitted online) on or before** November 28, **2017.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement. **Exclusions must be postmarked on or before** |

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated July 5, 2017 (the "Stipulation"), which is available on the website www.bolandvgerdausa.com.

| | September 29 2017. |
|---|---|
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses.  You will still be a Member of the Class.  **Objections must be** *received* **by the Court and counsel for the Settling Parties on or before** September 29 **2017.** |
| **GO TO THE HEARING ON** October 20 **, 2017** at 12:00 p.m. | Ask to speak in Court about the fairness of the Settlement.  **Requests to speak must be** *received* **by the Court and counsel for the Settling Parties on or before** September 29, **2017.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $15 million settlement fund has been established. Based on Lead Plaintiff's estimate of the number of Gerdau ADRs damaged during the Class Period, the average distribution per ADR under the Plan of Allocation is roughly $0.04, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and allowable attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages 12-17 below for more information on the calculation of your claim.

### Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged.  Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Gerdau ADRs was allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the price of Gerdau ADRs was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces

- 2 -

on the price of Gerdau ADRs at various times during the Class Period; (6) the extent to which external factors influenced the price of Gerdau ADRs at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the price of Gerdau ADRs at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the price of Gerdau ADRs at various times during the Class Period.

### Statement of Attorneys' Fees and Expenses Sought

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty-five (25%) of the Settlement Amount, plus expenses not to exceed $200,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. Since the Litigation's inception, Lead Plaintiff's Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In addition, as part of that application, Lead Plaintiff may seek reimbursement of its time and expenses in representing the Class in an amount not to exceed $5,000. The requested attorneys' fees and expenses amount to an average cost of approximately $0.01 per allegedly damaged Gerdau ADR. The average cost per damaged ADR will vary depending on the number of acceptable Proofs of Claim submitted.

### Further Information

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-866-700-0419, or visit the website www.bolandvgerdausa.com.

You may also contact a representative of counsel for the Class:  Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com.

### Please Do Not Call the Court or Defendants with Questions About the Settlement.

### Reasons for the Settlement

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial and likely appeals, a process that could last several years into the future. For Defendants, who have denied and continue to deny all allegations of liability, fault or wrongdoing whatsoever in connection with this matter, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

- 3 -

# BASIC INFORMATION

| 1. | **Why did I get this notice package?** |
|---|---|

This Notice was sent to you pursuant to an Order of a U.S. Federal Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Gerdau ADRs during the period from April 23, 2012, through and including May 16, 2016 ("Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them and how to get them.

The Court in charge of the Litigation is the United States District Court for the Southern District of New York (the "Court"), and the case is known as *Boland v. Gerdau S.A., et al.*, Civil Action No. 1:16-cv-03925-LLS. The case has been assigned to the Honorable Louis L. Stanton. The pension fund representing the Class is the "Lead Plaintiff," and the company and individuals it sued, who have now settled are called the Defendants.

| 2. | **What is this lawsuit about?** |
|---|---|

The initial complaint in this action was filed on May 26, 2016. On August 9, 2016, the Court appointed Lead Plaintiff and Lead Counsel. On October 31, 2016, Lead Plaintiff filed its Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint").

Lead Plaintiff alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by, *inter alia*, issuing false and misleading statements and/or failing to disclose that: (i) the Company was engaged in a bribery scheme in collusion with Brazil's Board of Tax Appeals; (ii) Gerdau had defrauded Brazilian tax authorities of approximately 4 billion Brazilian reais in taxes; and (iii) directors and employees of the Company had engaged in bribery, money laundering and influence peddling. Lead Plaintiff alleges that as a result of these material misrepresentations and omissions, Gerdau ADRs traded at artificially inflated prices. Defendants deny Lead Plaintiff's allegations.

On January 17, 2017, Defendants (other than three individuals who had not been served) filed Motions to Dismiss the Complaint. At the Settling Parties' request, on February 16, 2017, the Court stayed the Litigation in order for the parties to attempt a mediation.

In an effort to settle the Litigation, the parties engaged the services of the Hon. Layn R. Phillips (Ret.), a nationally recognized mediator. The parties prepared detailed mediation statements and engaged in a full-day in-person mediation session with Judge Phillips on April 25, 2017. These efforts culminated with the parties agreeing to settle the Litigation on May 15, 2017, for $15,000,000, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or in favor of Lead Plaintiff. Instead, both sides agreed to the Settlement to avoid the distraction, costs and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: *all Persons who purchased or otherwise acquired Gerdau ADRs during the period from April 23, 2012, through and including May 16, 2016, inclusive*, except those Persons and entities that are excluded.

Excluded from the Class are: Defendants, the officers and directors of Gerdau during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class is any Class Member who timely and validly excludes themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before November 28, 2017.

| 5. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-866-700-0419 or you can fill out and return the Proof of Claim enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Gerdau has agreed to pay (or cause to be paid) $15 million in cash to be distributed after taxes, fees, and expenses, *pro rata*, to Class Members who send in or submit a valid Proof of Claim pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

- 5 -

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Proofs of Claim that Class Members send in or submit, compared to the amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim is enclosed with this Notice or it may be downloaded at www.bolandvgerdausa.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it and **mail or submit it online so that it is postmarked (if mailed) or received (if submitted online) no later than** *November 28* **, 2017.** The Proof of Claim may be submitted online at www.bolandvgerdausa.com.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on** *October 20* **, 2017, at** *12:00* **p.m.,** to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you timely and validly exclude yourself, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, ordinance, administrative provision or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, which arise out of or relate in any way to both:  (i) the purchase or acquisition of Gerdau ADRs during the Class Period; and (ii) the allegations, transactions, facts, matters, events, disclosures, registration statements, public filings, acts, occurrences, representations, statements, omissions or failures to act that were

- 6 -

or could have been alleged by Lead Plaintiff or any Class Member in the Litigation. "Released Claims" does not include claims to enforce the Settlement. "Released Claims" includes "Unknown Claims" as defined below.

- "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, that arise out of or relate in any way to the institution, prosecution or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Persons" means each and all of the Defendants and their Related Parties.

- "Related Parties" means each Defendants' direct controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of their immediate families, marital communities or any trusts for which any of them are trustees, settlers or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively, the members of the Gerdau Johannpeter family, their lineal descendants or any trusts that are exclusively for the benefit of any of the foregoing, provided that any of the foregoing has the right to control such trust.

- "Unknown Claims" means any and all Released Claims which Lead Plaintiff, Lead Plaintiff's Counsel or any Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons and any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in her, her or its favor at the time of the release of the Lead Plaintiff, Lead Plaintiff's Counsel, or any Class Members, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, Lead Plaintiff, Lead Plaintiff's Counsel or Class Members, or might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Lead Plaintiff, Lead Plaintiff's Counsel or Class Members. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Settling Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

- 7 -

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, principle of common law or any provision of foreign law, which is similar, comparable or equivalent to California Civil Code §1542. The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out."

| 11. | How do I opt out of the Class and the proposed Settlement? |
|-----|------------------------------------------------------------|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Boland v. Gerdau S.A. Securities Litigation.*" You *cannot* exclude yourself by telephone or e-mail. Your letter must include your purchases, acquisitions, and sales of Gerdau ADRs during the Class Period, including the dates, the number of Gerdau ADRs purchased, acquired or sold and price paid or received for each such purchase, acquisition or sale. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than September 29, 2017** to:

*Boland v. Gerdau S.A. Securities Litigation*
Claims Administrator
EXCLUSIONS
c/o Gilardi & Co. LLC
3301 Kerner Blvd.
San Rafael, CA 94901

Your exclusion request must comply with these requirements in order to be valid. If you ask to be excluded, you will not receive any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit against the Released Persons speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _September 29_, 2017.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But, if you do exclude yourself, you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed twenty-five (25%) of the Settlement Amount and for expenses and costs in an amount not to exceed $200,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

- 9 -

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment or object to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's fee and expense application and/or Lead Plaintiff's time and expense request. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Boland v. Gerdau S.A. Securities Litigation.* Include your name, mailing address, daytime telephone number, e-mail address and your signature, state the number of Gerdau ADRs owned as of the beginning of trading on April 23, 2012 (the first day of the Class Period), identify the date(s), price(s) and number(s) of Gerdau ADRs you purchased, acquired and sold during the Class Period and state your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application. You must also include copies of documents demonstrating such purchase(s), acquisition(s) and/or sale(s). Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than** September 29, **2017:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>UNITED STATES DISTRICT<br>COURT<br>SOUTHERN DISTRICT OF<br>NEW YORK<br>DANIEL PATRICK<br>MOYNIHAN U.S.<br>COURTHOUSE<br>500 Pearl Street<br>New York, NY 10007 | ROBBINS GELLER<br>RUDMAN & DOWD LLP<br>ELLEN GUSIKOFF STEWART<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101 | SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP<br>JAY B. KASNER<br>ANDREW R. BEATTY<br>4 Times Square<br>New York, NY 10036<br><br>KRAMER LEVIN<br>NAFTALIS & FRANKEL<br>LLP<br>MICHAEL J. DELL<br>KAREN S. KENNEDY<br>JULIANA OLIVEIRA<br>MAGGIO<br>1177 Avenue of the Americas<br>New York, NY 10036 |

| 17. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

- 10 -

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|-----|----------------------------------------------------------------------------------|

The Court will hold a Settlement Hearing at n:00 p.m. ET, on October 20, 2017, in the Courtroom of the Honorable Louis L. Stanton at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court may also issue a ruling on Lead Counsel's application for attorneys' fees and expenses (which request may include an application for reimbursement for Lead Plaintiff's time and expenses in representing the Class in an amount not to exceed $5,000).  After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Lead Counsel or the Settlement website www.bolandvgerdausa.com beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but that is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|-----|-----------------------------|

If you object to the Settlement, the Plan of Allocation or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Boland v. Gerdau S.A. Securities Litigation.*"  Persons who intend to object to the Settlement, the Plan of Allocation and/or any attorneys' fees and expenses to be awarded to Lead Counsel (including any reimbursement to Lead Plaintiff for its time and expenses representing the Class) and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Your notice of intention to appear must be ***received*** **no later than** September 29, **2017**, and addressed to the Clerk of Court, Lead Counsel and Defendants' counsel at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

- 11 -

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|-----|-------------------------------|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case, ever again.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|-----|--------------------------------|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-866-700-0419. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other settlement-related papers filed in the Litigation, which are posted on the Settlement website at www.bolandvgerdausa.com, and may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Settlement Amount of $15 million and any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit Proofs of Claim to the Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Gerdau ADRs during the Class Period.

For purposes of formulating the Plan of Allocation and determining the amount an Authorized Claimant may recover under it, Lead Counsel has conferred with its damages consultant.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants. Allowed claims will also be subjected to the statutory 90-day look-back amount provided for in the Private Securities Litigation Reform Act of 1995 ("PSLRA").[2]

---

[2]   Pursuant to Section 21D(e)(1) of the PSLRA, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the

- 12 -

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the following inflation per share amounts for Class Period ADRs purchases and sales as well as the statutory PLSRA 90-day look-back amount of $1.93. Furthermore, if any of the formulas set forth below yield an amount less than or equal to $0.00, the claim per ADR shall be $0.00.

A "claim" will be calculated as follows:

**GERDAU S.A.**
**CUSIP: 373737105**
April 23, 2012-May 16, 2016

March 27, 2015 Market Adjusted Price Decline:     $0.36

May 16, 2016 Market Adjusted Price Decline:     $0.21

1.     For Gerdau ADRs *purchased, or acquired, on or between April 23, 2012 through March 26, 2015*, the claim per ADR shall be as follows:

a)     If sold prior to March 27, 2015, the claim is zero.

b)     If sold on March 27, 2015 through May 15, 2016, the claim shall be the lesser of: (i) $0.36, or (ii) the difference between the purchase price and the selling price.

c)     If retained at the end of May 15, 2016 and sold before August 12, 2016, the claim shall be the least of: (i) $0.57 (March 27, 2015 and May 16, 2016 Price Declines), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in the table below.

d)     If retained, or sold, on or after August 12, 2016, the claim shall be the lesser of: (i) $0.57, or (ii) the difference between the purchase price and $1.93.

2.     For Gerdau ADRs *purchased, or acquired, on or between March 27, 2015 through May 15, 2016*, the claim per ADR shall be as follows:

a)     If sold prior to May 16, 2016, the claim is zero.

b)     If retained at the end of May 15, 2016 and sold before August 12, 2016, the claim shall be the least of: (i) $0.21, or (ii) the difference between the purchase price

---

award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."

- 13 -

and the selling price, or (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in the table below.

    c)      If retained, or sold, on or after August 12, 2016, the claim shall be the lesser of: (i) $0.21, or (ii) the difference between the purchase price and $1.93.

3.      For Gerdau ADRs *purchased, or acquired, on May 16, 2016*, the claim per ADR shall be as follows:

    a)      If sold on May 16, 2016, the claim shall be the least of: (i) $0.21, or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price and $1.71 (Closing Price on May 16, 2016).

    b)      If retained at the end of May 16, 2016 and sold before August 12, 2016, the claim shall be the least of: (i) $0.21, or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in the table below.

    c)      If retained, or sold, on or after August 12, 2016, the claim shall be the lesser of: (i) $0.21, or (ii) the difference between the purchase price and $1.93.

| Date | Price | Average Closing Price |
|------|-------|-----------------------|
| 5/16/2016 | $1.71 | $1.71 |
| 5/17/2016 | $1.70 | $1.71 |
| 5/18/2016 | $1.62 | $1.68 |
| 5/19/2016 | $1.56 | $1.65 |
| 5/20/2016 | $1.61 | $1.64 |
| 5/23/2016 | $1.61 | $1.64 |
| 5/24/2016 | $1.57 | $1.63 |
| 5/25/2016 | $1.60 | $1.63 |
| 5/26/2016 | $1.66 | $1.63 |
| 5/27/2016 | $1.57 | $1.62 |
| 5/31/2016 | $1.53 | $1.62 |
| 6/1/2016 | $1.55 | $1.61 |
| 6/2/2016 | $1.57 | $1.61 |
| 6/3/2016 | $1.68 | $1.61 |
| 6/6/2016 | $1.78 | $1.62 |
| 6/7/2016 | $1.78 | $1.63 |
| 6/8/2016 | $1.91 | $1.65 |
| 6/9/2016 | $1.78 | $1.66 |
| 6/10/2016 | $1.67 | $1.66 |

- 14 -

| | | |
|---|---|---|
| 6/13/2016 | $1.65 | $1.66 |
| 6/14/2016 | $1.60 | $1.66 |
| 6/15/2016 | $1.67 | $1.66 |
| 6/16/2016 | $1.70 | $1.66 |
| 6/17/2016 | $1.71 | $1.66 |
| 6/20/2016 | $1.70 | $1.66 |
| 6/21/2016 | $1.67 | $1.66 |
| 6/22/2016 | $1.69 | $1.66 |
| 6/23/2016 | $1.85 | $1.67 |
| 6/24/2016 | $1.69 | $1.67 |
| 6/27/2016 | $1.65 | $1.67 |
| 6/28/2016 | $1.70 | $1.67 |
| 6/29/2016 | $1.74 | $1.67 |
| 6/30/2016 | $1.81 | $1.68 |
| 7/1/2016 | $1.89 | $1.68 |
| 7/5/2016 | $1.78 | $1.69 |
| 7/6/2016 | $1.79 | $1.69 |
| 7/7/2016 | $1.75 | $1.69 |
| 7/8/2016 | $1.83 | $1.70 |
| 7/11/2016 | $1.87 | $1.70 |
| 7/12/2016 | $2.00 | $1.71 |
| 7/13/2016 | $2.07 | $1.72 |
| 7/14/2016 | $2.03 | $1.72 |
| 7/15/2016 | $2.06 | $1.73 |
| 7/18/2016 | $2.13 | $1.74 |
| 7/19/2016 | $2.08 | $1.75 |
| 7/20/2016 | $2.03 | $1.75 |
| 7/21/2016 | $2.05 | $1.76 |
| 7/22/2016 | $2.17 | $1.77 |
| 7/25/2016 | $2.15 | $1.78 |
| 7/26/2016 | $2.28 | $1.79 |
| 7/27/2016 | $2.34 | $1.80 |
| 7/28/2016 | $2.30 | $1.81 |
| 7/29/2016 | $2.35 | $1.82 |
| 8/1/2016 | $2.35 | $1.83 |
| 8/2/2016 | $2.24 | $1.83 |
| 8/3/2016 | $2.37 | $1.84 |
| 8/4/2016 | $2.52 | $1.86 |
| 8/5/2016 | $2.66 | $1.87 |
| 8/8/2016 | $2.53 | $1.88 |
| 8/9/2016 | $2.57 | $1.89 |
| 8/10/2016 | $2.69 | $1.91 |

- 15 -

| | | |
|---|---|---|
| 8/11/2016 | $2.83 | $1.92 |
| 8/12/2016 | $2.78 | $1.93 |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise or operation of law of Gerdau ADRs during the Class Period shall not be deemed a purchase or sale of Gerdau ADRs for the calculation of a claimant's recognized claim, nor shall it be deemed an assignment of any claim relating to the purchase of such ADRs unless specifically provided in the instrument of gift or assignment. The receipt of Gerdau ADRs during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Gerdau ADRs.

For Class Members who held Gerdau ADRs at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Gerdau ADRs during the Class Period will be matched, in chronological order, first against ADRs held at the beginning of the Class Period. The remaining sales of ADRs during the Class Period will then be matched, in chronological order, against ADRs purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Gerdau ADRs described above during the Class Period are subtracted from all losses. However, the proceeds from sales of ADRs that have been matched against the ADRs held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator or other Person designated by Lead Counsel, Defendants, or Defendants' counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Lead Plaintiff and

1267035_2

Lead Plaintiff's Counsel, likewise, will have no liability for their reasonable efforts to execute, administer and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth above and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months of the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if economically feasible, make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be distributed to an appropriate non-sectarian, non-profit charitable organization serving the public interest selected by Lead Counsel and approved by the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Gerdau ADRs during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) BUSINESS DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such securities during such time period; or (b) request additional copies of this Notice and the Proof of Claim, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Boland v. Gerdau S.A. Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 404014
Louisville, KY  40233-4014
www.bolandvgerdausa.com

DATED: July 10, 2017                     BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         SOUTHERN DISTRICT OF NEW YORK

- 17 -

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
DONALD P. BOLAND and MARY A.           :   Civil Action No. 1:16-cv-03925-LLS
BOLAND, Individually and on Behalf of All :
Others Similarly Situated,              :   CLASS ACTION
                                       :
                     Plaintiffs,       :   PROOF OF CLAIM AND RELEASE
                                       :
          vs.                          :   EXHIBIT A-2
                                       :
GERDAU S.A., et al.,                   :
                                       :
                     Defendants.       :
                                       :
———————————————————————— x

1267120_2

## I.   GENERAL INSTRUCTIONS

1.     To recover as a Member of the Class based on your claims in the action entitled *Boland v. Gerdau S.A., et al.*, No. 1:16-cv-03925-LLS (the "Litigation"), you must complete and, on page 10 hereof, sign this Proof of Claim and Release form ("Proof of Claim"). If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.     Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.     YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN November 28, 2017, ADDRESSED AS FOLLOWS:

> *Boland v. Gerdau S.A. Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 404014
> Louisville, KY  40233-4014
> Online Submissions:  www.bolandvgerdausa.com

4.     If you are NOT a Member of the Class, as defined in the Notice of Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

5.     If you are a Member of the Class and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.   CLAIMANT IDENTIFICATION

If you purchased or acquired Gerdau S.A. ("Gerdau") American Depositary Receipts ("ADRs") and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or acquired Gerdau ADRs and

- 1 -

the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Gerdau ADRs that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE GERDAU ADRs UPON WHICH THIS CLAIM IS BASED.

Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim by joint owners should not include the transactions of just one of the joint owners, and an individual should not submit one claim that combines his or her IRA transactions with transactions made solely in the individual's name). Conversely, a combined Proof of Claim should be submitted on behalf of each legal entity (including an individual) that includes all transactions made by that entity, no matter how many separate accounts that entity has (for example, a corporation/individual with multiple brokerage accounts should include all transactions made in Gerdau ADRs during the Class Period on one Proof of Claim, no matter in how many accounts the transactions were made).

All joint purchasers or acquirers must sign this Proof of Claim. Executors, administrators, guardians, conservators and trustees or others acting in a representative capacity on behalf of a Class Member must complete and sign this Proof of Claim on behalf of persons represented by them, and submit evidence of their current authority to act on behalf of that Class Member, including that your titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

- 2 -

### III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Gerdau ADRs" to supply all required details of your transaction(s) in Gerdau ADRs.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Gerdau ADRs which took place during the period April 23, 2012, through and including August 12, 2016, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the Gerdau ADRs you held at the close of trading on April 22, 2012, May 16, 2016, and August 12, 2016.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Gerdau ADRs.  The date of a "short sale" is deemed to be the date of sale of Gerdau ADRs.

For each transaction, copies of broker confirmations or other documentation of your transactions in Gerdau ADRs should be attached to your Proof of Claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

A purchase or sale of Gerdau ADRs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date; please provide any "contract" or "trade" dates in your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in

- 3 -

electronic files.   This is different from the online submission process that is available at www.bolandvgerdausa.com.  If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.

- 4 -

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*Boland v. Gerdau S.A., et al.*

Case No. 1:16-cv-03925-LLS

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:**

<u>November 28</u>, **2017**

<u>Please Type or Print</u>

PART I:       CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                                                  State or Province

_____        _____

Zip Code or Postal Code                               Country

_____     _____      Individual

Social Security Number or                 _____      Corporation/Other
Taxpayer Identification Number

_____   _____

Area Code                      Telephone Number (work)

_____   _____

Area Code                      Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 5 -

PART II:    SCHEDULE OF TRANSACTIONS IN GERDAU ADRs

A.    Number of Gerdau ADRs held at the close of trading on April 22, 2012: _____

B.    Purchases or acquisitions of Gerdau ADRs (April 23, 2012 – August 12, 2016, inclusive):

| Trade Date<br>Month Day Year | Number of<br>ADRs Purchased<br>or Acquired | Total Purchase or<br>Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:**   (i)  If any purchase listed covered a "short sale," please mark Yes.  ☐ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount, and the company acquired:

☐☐/☐☐/☐☐☐☐
MM DD YYYY    _____    _____
                   Merger Shares       Company

C.    Sales of Gerdau ADRs (April 23, 2012 – August 12, 2016, inclusive):

| Trade Date<br>Month Day Year | Number of<br>ADRs Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.    Number of Gerdau ADRs held at the close of trading on May 16, 2016: _____

E.    Number of Gerdau ADRs held at the close of trading on August 12, 2016: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

- 6 -

1267120_2

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 10. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

IV. **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Gerdau securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Gerdau ADRs during the Class Period and know of no other person having done so on my (our) behalf.

V. **RELEASE**

1. Upon the Effective Date of the Settlement, I (we) acknowledge full and complete satisfaction of, and fully, finally and forever settle, release and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants and their Related Parties. "Related Parties" means each Defendants' direct controlling persons, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, auditors, financial or investment advisors, consultants, underwriters, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general

- 7 -

1267120_2

or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, any member of their immediate families, marital communities, or any trusts for which any of them are trustees, settlers or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively, the members of the Gerdau Johannpeter family, their lineal descendants or any trusts that are exclusively for the benefit of any of the foregoing, provided that any of the foregoing has the right to control such trust.

2.     "Released Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule, ordinance, administrative provision or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, which arise out of or relate in any way to both: (i) the purchase or acquisition of Gerdau ADRs during the Class Period, and (ii) the allegations, transactions, facts, matters, events, disclosures, registration statements, public filings, acts, occurrences, representations, statements, omissions or failures to act that were or could have been alleged by Lead Plaintiff or any Class Member in the Litigation. "Released Claims" does not include claims to enforce the Settlement. "Released Claims" includes "Unknown Claims" as defined below.

3.     "Unknown Claims" means any and all Released Claims which Lead Plaintiff, Lead Plaintiff's Counsel or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons and any and all Released Defendants' Claims that the

- 8 -

Released Persons do not know or suspect to exist in her, her or its favor at the time of the release of the Lead Plaintiff, Lead Plaintiff's Counsel, or any Class Members, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, Lead Plaintiff, Lead Plaintiff's Counsel or Class Members, or might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Lead Plaintiff, Lead Plaintiff's Counsel or Class Members.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Settling Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, principle of common law or any provision of foreign law, which is similar, comparable or equivalent to California Civil Code §1542.  The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or

- 9 -

unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Gerdau ADRs which are the subject of this claim, which occurred during the Class Period, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Proof of Claim.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____, in _____,
                                            (Month/Year)                              (City)

_____.
        (State/Country)

                                    _____
                                             (Sign your name here)

- 10 -

_____

(Type or print your name here)


_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer, Executor
or Administrator)

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Proof of Claim and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.


**THIS PROOF OF CLAIM MUST BE POSTMARKED (IF MAILED) OR RECEIVED (IF SUBMITTED ONLINE) NO LATER THAN November 28, 2017, ADDRESSED AS FOLLOWS:**

*Boland v. Gerdau S.A. Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 404014
Louisville, KY  40233-4014
www.bolandvgerdausa.com

- 11 -

1267120_2

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x
DONALD P. BOLAND and MARY A.　　:　Civil Action No. 1:16-cv-03925-LLS
BOLAND, Individually and on Behalf of All　:
Others Similarly Situated,　　　　　　　:　CLASS ACTION
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiffs,　　　:　SUMMARY NOTICE
　　　　　　　　　　　　　　　　　　:
　　vs.　　　　　　　　　　　　　　:　EXHIBIT A-3
　　　　　　　　　　　　　　　　　　:
GERDAU S.A., et al.,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendants.　　:
　　　　　　　　　　　　　　　　　　:
——————————————————— x

1267144_2

## TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED GERDAU S.A. ("GERDAU") AMERICAN DEPOSITARY RECEIPTS ("ADRs") BETWEEN APRIL 23, 2012, AND MAY 16, 2016, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Southern District of New York, a hearing will be held on October 20, 2017, at 12:00 p.m. ET, before the Honorable Louis L. Stanton at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007, for the purpose of determining: (1) whether the proposed settlement of the Litigation for the sum of $15,000,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement dated July 5, 2017; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Litigation, together with interest thereon (which request may include a request for reimbursement of Lead Plaintiff's reasonable costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995).

IF YOU PURCHASED OR ACQUIRED GERDAU ADRS BETWEEN APRIL 23, 2012, AND MAY 16, 2016, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THIS LITIGATION AND THE SETTLEMENT THEREOF. If you have not received a detailed Notice of Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Boland v. Gerdau S.A. Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 404014, Louisville, KY 40233-4014 or by downloading this information at www.bolandvgerdausa.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release online at www.bolandvgerdausa.com by November 28,2017, or postmarked no later than November 28, 2017,

- 1 -

1267144_2

establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Litigation unless you request to be excluded, in writing, postmarked by _September 29,_ 2017.

If you purchased or otherwise acquired Gerdau ADRs during the Class Period and you desire to be excluded from the Class, you must submit a request for exclusion such that it is postmarked no later than _September 29,_ 2017, in the manner and form explained in the detailed Notice referred to above. All Members of the Class who do not validly request exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Any objection to any aspect of the Settlement must be filed with the Clerk of the Court and also delivered by hand or first-class mail to each of the following addresses such that it is received no later than _September 29,_ 2017:

*Court:*

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

*Lead Counsel:*

ROBBINS GELLER RUDMAN
 & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

*Defendants' Counsel:*

SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
JAY B. KASNER
ANDREW R. BEATTY
4 Times Square
New York, NY 10036

- 2 -

1267144_2

KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
MICHAEL J. DELL
KAREN S. KENNEDY
JULIANA OLIVEIRA MAGGIO
1177 Avenue of the Americas
New York, NY  10036

## PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

DATED: July 10, 2017

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- 3 -

1267144_2