USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
DONALD P. BOLAND and MARY A. : Civil Action No. 1:16-cv-03925-LLS
BOLAND, Individually and on Behalf of All :
Others Similarly Situated, : CLASS ACTION
:
                         Plaintiffs, : [PROPOSED] ORDER AND FINAL     LLS
: JUDGMENT
       vs. :
:
GERDAU S.A., et al., :
:
                         Defendants. :
:
---------------------------------------- x

On the 20th day of October, 2017, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated July 5, 2017 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the complaint now pending in this Court under the above caption (the "Litigation"), including the release of the Released Persons, and should be approved; (2) whether judgment should be entered dismissing the complaint on the merits and with prejudice in favor of the Defendants herein and as against all persons or entities who are Members of the Class herein who have not timely and validly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the Members of the Class; and (4) whether and in what amount to award Lead Plaintiff's Counsel fees and expenses and Lead Plaintiff's expenses.  The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court, was mailed to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired Gerdau S.A. ("Gerdau") American Depositary Receipts ("ADRs") during the period between April 23, 2012, and May 16, 2016, inclusive (the "Class Period"), as shown by the records compiled by the Claims Administrator in connection with its mailing of the Notice, at the respective addresses set forth in such records, and that a summary notice of the hearing, substantially in the form approved by the Court, was published pursuant to the Order Preliminarily Approving Settlement and Providing for Notice as set forth in the Declaration of Carole K. Sylvester Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested by Lead Plaintiff's Counsel; and all capitalized terms used herein having the meanings set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this Litigation, the Lead Plaintiff, all Class Members and Defendants.

2. For purposes of the Settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, this Court hereby finally certifies this action as a class action on behalf of all Persons who purchased or otherwise acquired Gerdau ADRs between April 23, 2012, and May 16, 2016, inclusive. Excluded from the Class are: Defendants, the officers and directors of Gerdau during the Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the individuals and/or entities (attached hereto as Exhibit 1) who have requested exclusion from the Class by submitting a timely and valid request for exclusion.

4. Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of this Litigation as a class action and of the

terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21 of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process and any other applicable law, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all individuals and entities entitled thereto.

5. The Settlement is approved as fair, reasonable, adequate, and in the best interests of the Class. Subject to the terms and provisions of the Stipulation and the conditions therein being satisfied, the parties are directed to consummate the Settlement.

6. The Litigation is hereby dismissed in its entirety with prejudice.

7. The releases as set forth in ¶¶5.1-5.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.29 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

8. Upon the Effective Date, Lead Plaintiff and each of the Class Members who have not timely opted out of the Class ("Class Releasors") are hereby permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants or any Released Persons in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims.

9. Upon the Effective Date, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons. Lead Plaintiff and each Class Member are bound by this Judgment including, without limitation, the release of claims

as set forth in the Stipulation. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged Lead Plaintiff, each and all of the Class Members, and Lead Plaintiff's Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Defendants' Claims.

11. Neither this Judgment, the Stipulation nor any of its terms and provisions, nor any of the negotiations, discussions, or proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor any of the documents or statements referred to therein nor any payment or consideration provided for therein, shall be:

(a) offered or received against the Released Persons as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any of the Released Persons with respect to the truth of any fact alleged by the Lead Plaintiff or the validity of any claim that has been or could have been asserted in this Litigation, or the deficiency of any defense that has been or could have been asserted in this Litigation or of any liability, negligence, fault or wrongdoing of the Released Persons;

(b) offered or received against the Released Persons as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Persons;

(c) offered or received against the Released Persons as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Persons, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Persons may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against the Released Persons as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Released Persons have any merit or that damages recoverable under the complaint would not have exceeded the Settlement Fund.

12. Notwithstanding the provisions of the preceding paragraph, the Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court finds that Gerdau has satisfied its financial obligations under the Stipulation by paying or causing to be paid $15,000,000 to the Settlement Fund.

14. The Court finds and concludes that the Lead Plaintiff, Lead Plaintiff's Counsel, Defendants and counsel to the Defendants have complied with each requirement of Rule 11(b) of the

Federal Rules of Civil Procedure as to any complaint, responsive pleading, dispositive motion or other filing.

15. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's application for an award of attorneys' fees and expenses.

16. Any appeal or any challenge affecting the approval of (a) the Plan of Allocation submitted by Lead Counsel and/or (b) this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

17. Jurisdiction is hereby retained over settling Defendants, the Lead Plaintiff and the Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment, including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Members of the Class.

18. In the event that the Settlement does not become Effective in accordance with the terms of the Stipulation, or is terminated pursuant to ¶8.3 of the Stipulation, ¶¶8.5-8.6 of the Stipulation shall apply and this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to May 15, 2017.

19. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

21. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED: Oct. 20, 2017

_____
HONORABLE LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

# Exhibit 1

Vivian Mary Wood and Vernal Dean Wood V & V Trust

Christine Cobb